Filed 3/25/13  P. v. Canete CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RALPH NICHOLAS CANETE,<br><br>    Defendant and Appellant. | B234197<br><br>(Los Angeles County<br>Super. Ct. No. SA071133) |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Kathryn A. Solorzano, Judge.  Affirmed in part, reversed in part, and remanded.

        Elizabeth A. Missakian, under appointment by the Court of Appeal, for Defendant and Appellant.

        Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Mary Sanchez and Louis W. Karlin, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Appellant Ralph Nicholas Canete appeals from a jury verdict finding him guilty of robbery and access card theft in violation of Penal Code sections 211 and 484e, subdivision (d), respectively.[1] Appellant contends the trial court erred in finding that section 667, subdivision (c)(6) mandated consecutive sentencing for the felony convictions because the two acts were committed on the same occasion and arose from the same set of operative facts. We vacated submission and requested supplemental letter briefing on whether sentencing for the charge under section 484e, subdivision (d), was precluded by section 654, regardless of whether it is imposed concurrently or consecutively. We conclude sentencing on both charges is precluded by section 654. We reverse as to sentencing and otherwise affirm.

## FACTUAL AND PROCEDURAL SUMMARY

On May 2, 2009, at about 9:45 p.m., Caroline Buermann was walking to her car when appellant approached her. Appellant grabbed her, punched her in the face, then continued to strike her after she fell to the ground. Appellant seized Buermann's purse, which contained a wallet, a vintage camera, and the key to her car. Appellant then fled on foot. Police arrived and took a report from Buermann before she was transported to a hospital. While at the hospital, Buermann called the issuers of a credit card and debit card that were inside the wallet stolen from her. She discovered that charges already had been made on the cards and notified police.

Surveillance video from a fast food restaurant near the scene of the crime showed appellant using the card to purchase food approximately 20 minutes after the robbery occurred. After recognizing appellant in the video footage, police stopped appellant's car and found Buermann's key, wallet, and purse inside. The police searched appellant's home and found Buermann's camera.

A jury convicted appellant of second degree robbery (§ 211) and grand theft for acquiring or retaining the account information of an access card without the cardholder's consent and with the intent to use it fraudulently (§ 484e, subd. (d)). He was sentenced to

---

[1] All further statutory citations are to the Penal Code.

2

18 years for robbery and 16 months for grand theft. The trial court found the allegation of a prior serious felony strike to be true and concluded that it was mandatory that the sentences for the two current convictions run consecutively. This appeal followed.

## DISCUSSION

Appellant contends the two charged offenses were committed on the same occasion and argues the trial court erred in finding that consecutive sentencing was mandatory under section 667. We vacated submission and requested additional briefing on the application of section 654 to the two charges brought against appellant. Because we conclude section 654 precludes sentencing for both charges, we need not address appellant's initial claim that consecutive sentencing was not mandatory.[2]

Section 654 states that any "act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." In determining whether section 654 applies, the ultimate question is whether the defendant's course of conduct is divisible. (*People v. Correa* (2012) 54 Cal.4th 331, 335.) This necessarily involves a consideration of the intent and objective of the defendant; if all of the chargeable offenses were incident to a sole objective, then section 654 bars punishment for more than one of the offenses charged. (*Ibid*.) "The purpose of section 654 is to ensure that a defendant's punishment will be commensurate with his culpability." (*People v. Saffle* (1992) 4 Cal.App.4th 434, 438.)

Appellant was charged with robbery under section 211 and with access card theft under section 484e. The question before the jury on the access card count was whether it believed, beyond a reasonable doubt, that appellant was guilty of "acquiring or retaining the account information of an access card without the cardholder's consent and with the

---

[2] Appellant stated in his opening brief that the issue being raised on appeal "is not whether the consecutive term on [the access card count] was precluded by section § 654." However, we requested additional briefing on that issue so as to avoid possible error upon remand.

intent to use that information fraudulently," as stated in section 484e, subdivision (d).[3] The jury found appellant guilty of both charges. During sentencing, the issue of whether section 654 applied was never raised or discussed. Respondent argues the trial court's sentencing of appellant on both counts involved an implicit finding that defendant had different objectives when committing the two offenses, thus allowing the trial court to sentence appellant on both convictions. Our Supreme Court has found such a sentencing determination indicates an implicit finding by the trial court that the accused held more than one objective in committing the offenses punished. (*People v. Osband* (1996) 13 Cal.4th 622, 730-731.) A trial court's determination that there was more than one objective in committing multiple offenses is a factual one; however, this finding must be supported by substantial evidence in order to be affirmed on appeal. (*People v. Saffle*, *supra*, 4 Cal.App.4th at p. 438.)

Respondent contends the access card theft occurred at some time after appellant fled from the scene of the robbery. Respondent argues appellant had ample opportunity to reflect upon whether to commit the access card crime after completing the robbery offense and could only form the requisite intent for the access card theft after locating the credit card in Buermann's purse. Therefore, respondent contends there was a divisible course of conduct leading to the two offenses, taking this case out of the purview of section 654.

The record shows that appellant *acquired* the access card when he grabbed the purse from Buermann during the robbery. There is no evidence distinguishing between the moment when Buermann was robbed and when appellant acquired the access card, which was held in the wallet taken from Buermann and later used by appellant. The jury verdict does not resolve this issue. The jury found appellant guilty of acquiring *or*

---

[3]     The jury instruction on the access card count was: "To prove that the defendant is guilty of this crime, the People must prove that: [¶] . . . [t]he defendant acquired or retained the account information of an access card that was validly issued to someone else; [¶] . . . [t]he defendant did so without the consent of the cardholder or the issuer of the card; [¶] AND [¶] . . . [w]hen the defendant acquired or retained the account information, he intended to use that information fraudulently."

retaining the card. The prosecution's argument to the jury was based on the theory that appellant acquired the card with the intent to later use it fraudulently. The prosecutor stated in his opening statement that appellant "took [the access card] with the intent to use it." The prosecution again referenced the elements of the theft offense in closing argument, arguing that the actus reus of the offense was satisfied when appellant "acquired [Buermann's] card." It cannot be disputed that the necessary intent was formed before appellant actually *used* the card minutes later. (See *People v. Smith* (1998) 64 Cal.App.4th 1458, 1471 [the crime of acquiring an access card with intent to use it is "necessarily completed" before the attempt to use it].) We believe the only reasonable inference to be drawn is that appellant took Buermann's purse intending to use whatever was in it, including the access card. Because this comprised one indivisible course of conduct and the offenses were incident to one objective, section 654 bars punishment for more than one of these offenses. (*People v. Correa*, *supra*, 54 Cal.4th at p. 335.)

Respondent argues application of section 654 to the facts of this case would effectively allow one who has committed robbery to then engage in other crimes using the stolen items with impunity. Respondent contends appellant would thus have been equally culpable had he thrown out the access card rather than actually using it fraudulently. We disagree. Section 484e, subdivision (d), does not require that the access card information actually be used or that the account of the innocent consumer be charged or billed. (*People v. Molina* (2004) 120 Cal.App.4th 507, 516.) Appellant's actual use of the card to make a purchase minutes after the robbery and access card theft may be punishable as a separate offense incident to a distinct objective. (See *People v. Smith*, *supra*, 64 Cal.App.4th at p. 1471; § 484g.) However, appellant was not charged with the access card crime for *use* (§ 484g)[4] or any other crime regarding its use. Therefore, respondent cannot claim that applying section 654 to preclude punishment for

---

[4]    Section 484g classifies as theft any "use" (with the intent to defraud) of an access card that has been obtained or retained in violation of section 484e. The legislature has thus distinguished between crimes involving the acquisition of an access card and the use of that card by making them punishable under different provisions of the Penal Code. (*People v. Cordell* (2011) 195 Cal.App.4th 1564, 1577-1578.)

the offense of *acquiring* the card would lead to appellant's impunity for *using* it. Respondent's claim is without merit.

We conclude there is not substantial evidence to support the trial court's implicit finding that appellant held distinct objectives in committing the two offenses with which he was charged. Appellant acquired Buermann's card with intent to use it when he robbed her of her purse and its contents, and he was not charged with actual use of the card. Section 654 bars punishment for both convictions.

## DISPOSITION

The judgment is reversed as to sentencing, and the case is remanded to the trial court for resentencing. In all other respects, the judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EPSTEIN, P. J.

We concur:

MANELLA, J.

SUZUKAWA, J.

6